# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:05cr233-2

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **AMBER LENE KELLY.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on defendant's Motion to reconsider the Order of August 30, 2005. For cause, counsel for defendant has submitted an affidavit recounting his observations of the defendant both before and after the hearing. Based upon such observations and the desire of the defendant to go forward with the proposed plea, counsel for defendant argues that the Order requiring a mental evaluation be rescinded.

The court recalls the hearing which caused both counsel for defendant and the court to request a mental health evaluation. During that hearing, it was clear to the court that defendant was not then in control of her mental faculties sufficient to participate in the Rule 11 proceeding. Based on such observations, the court promptly entered an Order directing that an evaluation be conducted. Docket Entry 36.

In support of the Motion to reconsider, counsel for defendant recounts meetings he had with defendant in conference rooms prior to and after the Rule 11 proceeding. See Affidavit of Stanford K. Clontz. Based on his observations during those meetings, counsel recounts that defendant understood the charges and that her decision to proceed with the plea was both knowing and voluntary. Id.

While the undersigned has no doubt that counsel for defendant has accurately described what he observed, the affidavit and motion do not alleviate the court's concern that defendant may be suffering from a mental disease or defect making her unable to understand the nature and consequences of the proceedings. What happens in the relative ease of a conference room does not eliminate the court's concern as to what happens in a courtroom. The court remains concerned as to whether defendant will be able, in the context of a courtroom, to understand the criminal proceedings against her and to properly assist in her defense. Specifically, the court is concerned as to whether defendant suffers mental decompensation in stressful situations, such as a courtroom setting. Additionally, the undersigned still has reservations concerning the defendant's mental condition. The defendant during the year 2003 was treated on two different occasions by two different medical providers for mental illness and for substance abuse. During the year 2004 the defendant was treated at a third facility for mental illness. The defendant told the undersigned at a Rule11 proceeding which was not completed that she did not understand what was "going on." In a letter sent to the court and filed on September 21, 2005 the defendant dated the letter "11-17-05" which is a date which will not arrive for another six weeks. These concerns compel the undersigned to continue to order the examination of the defendant even though the defendant's motion was not contested by the Government.

While it is quite possible that defendant is competent to proceed, reasonable cause remains at this point under 18, United States Code, Section 4241(a), to proceed with the evaluation.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for reconsideration is **GRANTED**, and having reconsidered the prospect of a mental evaluation, the court **REAFFIRMS** its earlier finding and directs that the evaluation proceed as previously directed.

**Signed: September 26, 2005**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge