**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05cr233-2**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **CORRECTED** |
| Vs. | ) | **ORDER REQUIRING MENTAL** |
| | ) | **EVALUATION ON ISSUE OF** |
| AMBER LENE KELLY. | ) | **COMPETENCY TO STAND TRIAL** |
| _____ | ) | |

**THIS MATTER** is before the court on defendant's Motion for Psychiatric Examination to which counsel for defendant concurs. At a hearing conducted on February 28, 2006, it was brought to the court's attention that the United States Marshal had not sent defendant off for the evaluation required by this court some four months earlier. It was also determined that the time since entry of the plea agreement in this matter was excludable under 18, United States Code, Section 3161(h)(1)(I), as delay "resulting from consideration by the court of a proposed plea agreement . . .", which cannot be considered under Rule 11 until a determination has been made as to defendant's competence to proceed. Counsel for the respective parties concurred in such finding. At the conclusion of such hearing, the government moved to correct clerical errors in the previous Order concerning a psychological evaluation, which was allowed.

Having considered those matters, and finding under 18, United States Code, Section 4241(a), that there is reasonable cause to believe that defendant may presently be suffering from a mental disease or defect that may render defendant unable to understand the nature and consequences of the proceedings, the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1)     **THE DEFENDANT** shall be examined by at least one qualified psychiatrist or psychologist pursuant to 18, United States Code, Section 4241(b) and Rule 12.2, Federal Rules of Criminal Procedure, to determine if the defendant, AMBER LENE KELLY, is presently insane or otherwise so mentally incompetent as to be unable to understand the criminal proceedings against him or to properly assist in his defense.

(2)     **FOR PURPOSES OF EXAMINATION** pursuant to Section 4241(b), defendant is committed to the custody and care of the Attorney General for placement in a suitable facility, and the examination shall be for such a reasonable time, not to exceed forty-five (45) days, as is necessary to make evaluations as to whether AMBER LENE KELLY is presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or to properly assist in his own defense. For purposes of determining the forty-five (45) day period, the examination is deemed to commence on the day defendant is admitted to the mental health facility.

(3)     **THE WARDEN OR THE CASE MANAGER** of the designated facility is instructed that requests for extension of the 45-day examination period must be in a writing mailed to the Clerk of this court, with copies sent to defendant's counsel, the United States Attorney, and the United States Marshal.

(4)     **THE PSYCHIATRIST OR PSYCHOLOGIST**, as designated by the Attorney General to examine defendant, shall prepare a psychiatric or psychological report pursuant to the requirements of 18, United States Code, Section 4247(c).

(5)     **THE PSYCHIATRIST OR PSYCHOLOGIST**, as designated by the Attorney General, shall forward the original report to this court, **a copy to the Clerk of this court**, a copy to counsel for AMBER LENE KELLY, and a copy to the United States Attorney.

(6)     **THE UNITED STATES MARSHAL,** shall transport defendant AMBER LENE KELLY to the mental health institution, which shall be designated by the Attorney General, and return defendant AMBER LENE KELLY immediately upon completion of the examination to the Western District of North Carolina where bond, if any, may resume.  **The United States Marshal**

**is permitted a total of 10 days within which to transport AMBER LENE**

**KELLY to and from the mental health institution.** If bond has not been

allowed, the defendant shall remain in the custody of the United States

Marshal.

(7)     **THE UNITED STATES MARSHAL** shall provide defendant with

medications, if any, as prescribed by a licensed physician pending and during

transportation to the mental health institution designated by the Attorney

General.

(8)     **COUNSEL FOR DEFENDANT** is instructed that in the event psychiatrists

or psychologists employed by the government determine that defendant is

competent to stand trial, counsel for defendant may promptly, thereafter, file

a motion for appointment and examination by independent experts. Such a

motion must be accompanied by an affidavit of counsel describing the

"pronounced irrational behavior" of defendant such attorney has observed,

Pate v. Robinson, 383 U.S. 375, 385-86 (1966), averring and documenting that

defendant has not been able to "consult with his lawyer with a reasonable

degree of rational understanding," and showing that it is counsel's belief that

defendant does not have a "rational as well as factual understanding of the

proceedings against him." <u>Penry v. Lynaugh</u>, 492 U.S. 302, 333 (1989). The filing of such a motion will not be cause for continuance from a trial calendar and motions which are not filed in good faith may result in the imposition of sanctions.

**THE CLERK OF COURT** is directed to *certify* copies of this Order to counsel for defendant, the United States Attorney, the United States Marshal, and the designated mental health facility also in the care of the United States Marshal.

Signed: February 28, 2006

Dennis L. Howell
United States Magistrate Judge